IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL RUEGG,

        Petitioner,                              OPINION AND ORDER

     v.                                                 09-cv-22-slc[1]

BRAD HOMPE, Warden,
Stanley Correctional Institution,

        Respondent.

---

In this action for monetary relief brought under 42 U.S.C. § 1983, petitioner Paul Ruegg, a prisoner at the Stanley Correctional Institution in Stanley, Wisconsin, has filed a proposed complaint in which he alleges that respondent Brad Hompe was deliberately indifferent to his special medical need for a double mattress, in violation of his rights under the Eighth Amendment. Petitioner has requested leave to proceed in forma pauperis and has made the initial partial payment required of him under 28 U.S.C. § 1915.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

Because petitioner is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed petitioner's complaint, I conclude that petitioner may proceed on his Eighth Amendment claim against respondent.

As an initial matter, I note that petitioner has not alleged that he has exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). See Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) (prisoner must complete "each step within the administrative process"). Such steps include filing a grievance and completing all necessary appeals in accordance with the procedures set by the prison system. Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005). However, this court will not dismiss petitioner's case on its own motion for lack of administrative exhaustion. If respondent believes that petitioner has not exhausted the remedies available to him as required by § 1997e(a), he may allege lack of exhaustion as an affirmative defense and argue it on a motion for summary judgment. Massey v. Helman, 196 F.3d 727 (7th Cir. 1999); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532 (7th Cir. 1999).

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner arrived at Stanley Correctional Institution in November 2007. In January 2008, on a physician's recommendation, petitioner was provided with a double mattress for pain relief because he has severe back problems. In April 2008, respondent Brad Hompe ordered all double mattresses to be removed. Respondent knew that petitioner would be in pain. Respondent ordered petitioner's double mattress removed without consulting the prison physician. Since that time, petitioner has experienced severe back pain and constant leg numbness.

OPINION

Petitioner contends that respondent violated his rights under the Eighth Amendment by removing the double mattress that a doctor had recommended for his severe back problems. The Eighth Amendment prohibits conditions of confinement that "involve the wanton and unnecessary infliction of pain" or that are "grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Eighth Amendment also affords prisoners a constitutional right to medical care. Snipes v. DeTella, 95 F. 3d 586, 590 (7th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). The standard for determining whether a prison official violates the Eighth Amendment in this setting is whether the official is "deliberately indifferent" to a prisoner's "serious medical need." Estelle, 429 U.S. at 104-05. A medical need may be serious if it is

life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997), "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Although Eighth Amendment violations often involve serious physical injury, the Court of Appeals for the Seventh Circuit has noted recently that serious injury is not always required. Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007). The Eighth Amendment may be violated when a prisoner is denied "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). If petitioner's allegations are true, his condition may be a "serious medical need" that respondent knew existed. At this early stage, it is possible to infer that respondent's refusal to allow petitioner an extra mattress to ease his back pain resulted in "needless pain and suffering" and was not a reasonable response to his serious medical need. Although petitioner faces an uphill battle to prove this claim, I will grant him leave to proceed in forma pauperis against respondent on his Eighth Amendment claim.

ORDER

IT IS ORDERED that:

1. Petitioner Paul Ruegg's request for leave to proceed in forma pauperis is GRANTED on his claim that respondent Brad Hompe violated his Eighth Amendment rights by failing to provide him with a second mattress to ease his severe back pain.

2. For the remainder of this lawsuit, petitioner must send respondent a copy of every paper or document he files with the court.  Once petitioner has learned what lawyer will be representing respondent, he should serve the lawyer directly rather than respondent.  The court will disregard any documents submitted by petitioner unless petitioner shows on the court's copy that he has sent a copy to respondent or to respondent's attorney.

3. Petitioner should keep a copy of all documents for his own files.  If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

4. Pursuant to an informal service agreement between the Attorney General and this court, copies of petitioner's complaint and this order are being sent today to the Attorney General for service on respondent.

Entered this 10th day of February, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5